IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OTIS CHAMBERS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1533-D |
| | § | |
| JOSEPH T. RYERSON & SON, | § | |
| INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Otis Chambers, by and through his counsel of record, has filed a motion to review the bill of costs submitted by defendants in this civil action. The motion has been referred to the United States magistrate judge for recommendation or determination pursuant to 28 U.S.C. § 636(b)(1) and an order of reference dated July 26, 2007.[1]

I.

This is a race discrimination case brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140, *et seq.*, and the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code Ann. § 21.001, *et seq.* On August 3, 2005, plaintiff tendered a *pro se* complaint to the district clerk and filed a motion to proceed *in forma pauperis*.

---

[1] It is not clear whether a motion to review the taxation of costs is a non-dispositive matter that can be heard and determined by a magistrate judge or a dispositive matter that must be decided by report and recommendation. Therefore, in an abundance of caution, the magistrate judge decides this motion by recommendation rather than by memorandum order. *See LoSacco v. City of Middletown*, 71 F.3d 88, 91 (2d Cir. 1995) (suggesting in dicta that motion to review taxation of costs may be referred to a magistrate judge for recommendation under the "additional duties" provision of 28 U.S.C. § 636(b)(3)).

Because the information provided by plaintiff indicated that he lacked the financial resources to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court also appointed counsel to represent plaintiff based, in part, on a "reasonable cause" determination made by the Equal Employment Opportunity Commission ("EEOC"). After the close of discovery, defendants filed a motion for summary judgment. The court granted the motion and dismissed the case with prejudice. *Chambers v. Joseph T. Ryerson & Sons, Inc.*, No. 3-05-CV-1533-D, 2007 WL 1944346 (N.D. Tex. Jul. 2, 2007), *appeal filed*, No. 07-10807 (Jul. 25, 2007).

Defendants now seek $5,584.24 in court costs as the prevailing parties in this action. Plaintiff asks the court to exercise its discretion to deny any costs to defendants or, in the alternative, to tax costs in the amount of $2,157.70.[2] The issues have been fully briefed by the parties in a Joint Status Report filed on August 7, 2007, and this matter is ripe for determination.

II.

Fed. R. Civ. P. 54(d) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" FED. R. CIV. P. 54(d)(1). This rule creates a strong presumption that the prevailing party will be awarded its costs. *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir.), *cert. denied*, 127 S.Ct. 299 (2006). Indeed, the Fifth Circuit has held that "the prevailing party is prima facie entitled to costs," and has described the denial of costs as "in the nature of a penalty." *Id.*, *quoting Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). Although a district court has discretion to deny costs to a prevailing party, it must articulate "some good reason for doing so." *Id.*, *quoting Schwarz*, 767 F.2d at 131. Among such reasons are:

---

[2] Defendants originally sought $8,054.21 in taxable court costs. However, after conferring with opposing counsel, defendants agreed to reduce their bill of costs by $2,469.97. (*See* Jt. Stat. Rep., 8/7/07 at 3-6). Of the $5,584.24 in costs now requested by defendants, plaintiff contests only: (1) $2,946.16 for taking, transcribing, and reproducing three depositions; and (2) $233.33 in printing and copying charges. (*See id.* at 3-6).

(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources. *Id.*; *see also* 10 C. Wright & A. Miller, Federal Practice and Procedure § 2668 at 234 (3d ed. 1998).

Three of the five reasons justifying the outright denial of costs are present in this case. First and foremost, plaintiff is indigent. In a sworn affidavit attached to his motion, plaintiff states that he earns approximately $845.00 per month working part-time for a janitorial service. His wife earns $1,820.00 per month. Other than two cars and their home, which is valued at $96,000.00 with a $51,800.00 mortgage, the couple own no property and have no other assets. Plaintiff and his wife have $20.00 in cash on hand and $415.00 in a bank account. Their monthly expenses are $3,129.00, which exceed their combined monthly income of $2,665.00. In addition, plaintiff still owes approximately $2,000.00 in medical bills dating back to 2003. (*See* Plf. Jt. Stat. Rep. App. at 1-8). Clearly, plaintiff does not have the ability to pay the costs requested by defendants.

Second, defendants are global corporations with vast economic resources. In 2006, Ryerson, Inc. and its subsidiary companies reported revenues of $5.9 billion. (*Id.* at 10). Sales for the first and second quarters of 2007 exceeded $3.2 billion, with a gross profit of nearly $500 million. (*Id.* at 23). The enormous disparity between the financial conditions of the parties further justifies the decision not to award costs to defendants.

Finally, plaintiff pursued this litigation in the utmost good faith only after the EEOC determined there was "reasonable cause" to believe that defendants had violated Title VII. Although good faith, standing alone, does not overcome the presumption in favor of awarding costs to the prevailing party, *see Pacheco*, 448 F.3d at 795, a number of courts have held that good faith, together with other factors, is sufficient to overcome the presumption. *See, e.g. Assoc. of Mexican-*

*American Educators v. California*, 231 F.3d 572, 593 (9th Cir. 2000); *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160,1165 (7th Cir. 1983); *Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1982); *Davis v. Visteon Systems L.L.C.*, No. NA 00-133-C, 2002 WL 440220 at *1 (S.D. Ind. Feb. 26, 2002); *Virginia Panel Corp. v. MAC Panel Co.*, 203 F.R.D. 236, 238 (W.D. Va. 2001); *Surprise v. GTE Service Corp.*, 202 F.R.D. 79, 82 (D. Conn. 2000); *Moore v. City of Philadelphia*, No. 82-3561, 1987 WL 16058 at *2 (E.D. Pa. Aug. 20, 1987); *Maldonado v. Parasole*, 66 F.R.D. 388, 390 (E.D.N.Y. 1975). Such is the case here. Because plaintiff is indigent and litigated his claim in good faith, the court should exercise its discretion to require each party to pay their own costs.

III.

Although the recommended disposition of plaintiff's motion obviates the necessity of ruling on his objections to discrete cost items, the magistrate judge will decide those issues in the interest of judicial economy. The specific cost items in dispute are: (1) $2,946.16 for taking, transcribing, and reproducing three depositions; and (2) $233.33 in printing and copying charges.[3]

A.

A prevailing party is entitled to recover the costs of taking, transcribing, and reproducing depositions that are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see also Hartnett v. Chase Bank of Texas Nat'l Ass'n*, No. 3-98-CV-1061-L, 1999 WL 977757 at *3 (N.D. Tex. Oct. 26, 1999) (Kaplan, J.). Costs associated with a deposition taken solely for investigative or discovery purposes are not recoverable. *Hartnett*, 1999 WL 977757 at *3, *citing Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). However, costs should not be disallowed merely because the deposition was not ultimately used at trial or in connection with a dispositive motion. *Id.* Such costs

---

[3] In their Joint Status Report, the parties state that the amount of contested costs is $3,041.54. (*See* Jt. Stat. Rep., 8/7/07 at 6). However, the itemized list of disputed costs set forth in the status report adds up to $3,179.49. (*See id.* at 5-6). It appears that the itemized list accurately represents the amount of costs in dispute.

are taxable if the deposition appeared reasonably necessary at the time it was taken. *Id.*, *citing* 10 C. Wright & A. Miller, Federal Practice and Procedure § 2676 at 424 (3d ed. 1998).

Defendants seek $1,887.90 in costs for the deposition of Robert Dooley and $921.75 in costs for the deposition of Linda Ingraham, Ph.D. Dooley was a critical fact witness and excerpts of his deposition were used by defendants in support of their motion for summary judgment. The court therefore determines that this deposition was "necessarily obtained for use in the case." *See Jeffries v. Georgia Residential Finance Authority,* 90 F.R.D. 62, 64 (N.D. Ga. 1981), *aff'd,* 678 F.2d 919 (11th Cir.), *cert. denied,* 103 S.Ct. 302 (1982); *Tittle v. Raines*, No. 3-99-CV-0478-L, 2002 WL 31757623 at *2 (N.D. Tex. Dec. 3, 2002) (Kaplan, J.); *Bank One Texas, N.A. v. Apex Energy, LLC*, No. 3-00-CV-2160-M, 2002 WL 22055 at *1 (N.D. Tex. Jan. 4, 2002) (Kaplan, J.). Likewise, it was manifestly reasonable for defendants to depose Ingraham, who was designated by plaintiff as an expert, regardless of whether that deposition was used as summary judgment evidence. *See Anderson v. Siemens Medical Systems, Inc.*, No. 3-98-CV-1850-M, 2002 WL 199878 at *5 (N.D. Tex. Feb. 7, 2002) (allowing costs of deposing opponent's expert); *Waggoner v. Trans Union, LLC*, No. 3-02-CV-1494-G, 2003 WL 22838718 at *3 (N.D. Tex. Nov. 24, 2003) (same).

The court reaches a different conclusion with respect to $136.51 in costs incurred by defendants for a copy of the deposition of their own expert, Jaye Douglas Crowder, M.D. There is absolutely no evidence that at the time defendants ordered a copy of this deposition, they had a reasonable expectation Crowder's testimony would be used to prepare for trial. Instead, defendants argue only that it was "prudent" to anticipate Crowder would be unable to testify at trial in light of his busy schedule and docket conditions. (*See* Jt. Stat. Rep., 8/7/07 at 16). This cost item should be disallowed.

B.

Defendants also seek reimbursement for $233.33 in printing and copying charges. Costs of photocopies obtained for use in the litigation are recoverable upon proof of necessity. 28 U.S.C. § 1920(4); *see also Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). The prevailing party need not "identify every xerox copy made for use in the course of legal proceedings." *Fogleman*, 920 F.2d at 286. However, there must be some nexus between the costs incurred and the litigation. *Id.* Charges for multiple copies of documents, attorney correspondence, and similar items are not taxable as costs. *Id.*

Of the disputed printing and copying charges, $137.95 represents costs incurred by defendants in producing more than 1,000 pages of documents to plaintiff during discovery. Defendants represent that these documents, all of which were requested by plaintiff, were "necessarily obtained for use in this litigation." (*See* Jt. Stat. Rep., 8/7/07 at 15). Absent any evidence or argument to the contrary, the court has little difficulty in allowing these costs. The court also allows costs of $35.00 for obtaining certified copies of plaintiff's records from the Social Security Administration. Plaintiff's medical condition and its alleged impact on his ability to perform his job were hotly contested issues in this case. In addition, defendants relied on plaintiff's social security records to verify his income. Thus, the documents unquestionably were "necessary." *See Eleby v. Unilever Food Solutions*, No. 05-C-4509, 2006 WL 1749903 at *2 (N.D. Ill. Jun. 20, 2006) (allowing costs for photocopying plaintiff's social security records in an employment discrimination case).

The court sustains plaintiff's objections to $32.20 in fees charged by the Texas Department of Assistive and Rehabilitative Services ("TDARS") and $28.18 for copies of records obtained from the National Labor Relations Board ("NLRB"). The TDARS invoice attached to the bill of costs

discloses that this cost item is for "personnel charges" and "computer resource charges." Defendants make no attempt to demonstrate that any documents obtained from TDARS were necessarily obtained for use in the case or that charges for "personnel" and "computer resource" services are recoverable under federal law. Nor have defendants proved necessity with respect to the NLRB records. Although defendants argue that "this case stemmed from a union grievance filed by Plaintiff," (*see* Jt. Stat. Rep., 8/7/07 at 15), any claims plaintiff had against his union were separate and distinct from the claims asserted against his employer which formed the basis of this suit. These cost items totaling $60.38 are disallowed.

## **RECOMMENDATION**

Plaintiff's motion to review the taxation of costs [Doc. #86] should be granted. The court should decline to tax costs against plaintiff and require the parties in this case to pay their own costs. Alternatively, the clerk should be directed to tax costs against plaintiff in the amount of $5,387.35 ($5,584.24 requested by defendants, less $196.89 disallowed by the court) in accordance with Fed. R. Civ. P. 54(d)(1).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 31, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE