```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF TEXAS
            DALLAS DIVISION

OTIS CHAMBERS,                    §
                                  §
            Plaintiff,            §
                                  § Civil Action No. 3:05-CV-1533-D
VS.                               §
                                  §
JOSEPH T. RYERSON & SON, INC.,    §
et al.,                           §
                                  §
            Defendants.           §
```

**ORDER**

After making an independent review of the pleadings, files, and records in this case, the August 31, 2007 findings and recommendation of the magistrate judge, and the September 17, 2007 objections of defendants Joseph T. Ryerson & Son, Inc. and Ryerson Tull, Inc. (collectively, "Ryerson"), the court concludes that the findings and recommendation are correct in part and they are therefore adopted in part.

I

In its judgment in this case, filed July 2, 2007, the court awarded Ryerson its taxable costs of court, as calculated by the clerk of court, and assessed these costs against plaintiff Otis Chambers ("Chambers"). After the clerk of court calculated and assessed the costs, Chambers objected, and the court referred the matter to the magistrate judge for determination or recommendation. The magistrate judge concluded that his decision was limited to making a recommendation. In his August 31, 2007 findings and recommendation, he recommends first that no costs be taxed against

Chambers. Alternatively, he recommends that the costs calculated by the clerk be reduced to $5,387.35.

Following *de novo* review, the court declines to accept the recommendation that all taxable costs be denied. Fed. R. Civ. P. 54(d)(1) "contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta,* 448 F.3d 783, 793 (5th Cir. 2006). The Fifth Circuit has held that "'the prevailing party is prima facie entitled to costs,' and has described the denial of costs as 'in the nature of a penalty.'" *Id.* at 793-94 (quoting *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)). Thus although Rule 54(d)(1) confers discretion on the court in awarding costs, this discretion is "circumscribed by the judicially-created condition that a court may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so." *Id.* at 794 (internal quotation marks omitted).

The court is unable to discern "some good reason for doing so" in the present case. Although the factors the magistrate judge cites for recommending denial of costs are proper considerations and may warrant denying costs in some circumstances, *see id.,* the court does not find those circumstances to be present here. The amount of costs taxed against Chambers, as modified by today's order, is $5,427.73. Chambers and his wife earn a combined annual income of $31,890. They own a house in which they have acquired

$44,000 in equity, and they possess two vehicles. Although Chambers has an unpaid medical bill of approximately $2,000, and the Chambers' monthly expenses exceed their combined income, it is not clear that they will be unable to pay the taxed costs over a reasonable period of time.

Moreover, although this matter is within the court's discretion, it finds it to be in the interest of justice that decisions of this type be as consistent as possible, and that similarly-situated litigations be treated alike. Chambers appears to be far more able to pay costs than other parties who have been required by this court to do so. *See, e.g., McNeil v. Wyeth,* 2005 U.S. Dist. LEXIS 9677, at *5 (N.D. Tex. May 20, 2005) (Kaplan, J.) (requiring payment of $6,838.00 in costs by a 71-year-old woman with only $13,944.00 in annual income and $500 in assets, and concluding that "even an indigent litigant is not automatically exempted from paying costs").

Considering Chambers' financial position, and the fact that the other factors do not warrant the denial of costs in this case, *see Pacheco,* 448 F.3d at 793 (denying costs to losing party even though claim was brought in good faith and against party (the federal government) with strong financial standing), the court concludes in its discretion that Chambers has not overcome the "strong presumption" against denying costs. *Id.* Accordingly, the court declines to adopt the recommendation of the magistrate judge

that costs be denied Ryerson.

II

The court adopts in part the magistrate judge's alternative recommendation that Ryerson be awarded $5,387.35 in taxable costs. Chambers does not object to the magistrate judge's alternative recommendation. Ryerson objects to the magistrate judge's alternative recommendation that Ryerson should be denied the sum of $196.89 of the $5,584.24 total sum it requests.

The first cost item at issue is $136.51 for a copy of the deposition of Ryerson's psychiatric expert, Jaye Douglas Crowder, M.D. Under Fifth Circuit law,

> [i]f, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party. Similarly, a deposition copy obtained for use during trial or for trial preparation, rather than for the mere convenience of counsel, may be included in taxable costs.

*Coats v. Penrod Drilling Corp.,* 5 F.3d 877, 891 (5th Cir. 1993). Ryerson contends that the magistrate judge erred in denying this cost because the sole inquiry should have been whether the *deposition itself* was reasonably necessary, without any separate inquiry into whether the deposition *copy* was necessary as well. The court disagrees. The Fifth Circuit clearly distinguishes between the necessity of depositions and of deposition copies. *See id.* The court therefore reaches the same conclusion as did the

magistrate judge.  Because Ryerson has failed to demonstrate that the transcript was reasonably necessary at the time it was ordered, the court denies the $136.51 cost for obtaining the transcript.

The magistrate judge also recommends denying $60.38 in fees charged by the Texas Department of Assistive and Rehabilitative Services ("TDARS") and the National Labor Relations Board ("NLRB") for the production of records, based on the conclusion that these costs were not reasonably necessary.  Ryerson objects to this recommendation.  Following *de novo* review, the court holds that Ryerson is entitled to recover these fees as costs.

First, it was reasonably necessary for Ryerson to review the content of Chambers' testimony before the NLRB, because Chambers does not dispute that the testimony involved the same set of factual circumstances as did this case (albeit raising separate and distinct claims).  Second, the TDARS records were reasonably necessary to make an independent evaluation of Chambers' physical health, which Chambers had made an issue in the case.  Third, it is of no moment that Ryerson was charged by TDARS and NLRB for such items as "clerical hours," because paying the charges was a condition for receiving the records.  Fourth, there is no contention that the fees charged by NLRB and TDARS are unreasonable.

For the foregoing reasons, the court concludes that Ryerson is entitled to recover the sum of $5,447.73 in taxable costs of court.

The magistrate judge's August 31, 2007 findings and recommendation are therefore adopted in part to that extent.

**SO ORDERED.**

December 10, 2007.

_Sidney A. Fitzwater_
SIDNEY A. FITZWATER
CHIEF JUDGE